Filed 3/25/16  P. v. Quach CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C079955 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F04630) |
| v. | |
| KHAI QUANG QUACH, | |
| Defendant and Appellant. | |

Defendant Khai Quang Quach pled no contest to assault with a firearm and was sentenced to a five-year prison term.  (Pen. Code, § 245, subd. (a)(2).)[1]  On appeal, he contends the trial court abused its discretion by refusing to find unusual circumstances and denying him probation.  He also contends the trial court erred in imposing a $500 domestic violence fee because it is only applicable to defendants who are granted probation.  We shall strike the $500 domestic violence fee and affirm the judgment as modified.

---

[1] Undesignated statutory references are to the Penal Code.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant and T.N. are married and have two children together. In July 2014, defendant, who had been drinking, entered the bedroom where T.N. and the children were sleeping. He shot his gun near T.N.'s face, injuring her ear and face. Defendant then showed the gun to T.N. and continued to make verbal threats. Defendant left the room and then came back, accusing T.N. of being unfaithful and threatening to stop supporting her and the children.

Soon thereafter, T.N. went to the hospital for treatment and spoke with the police. The police also went to the family home to check on the children, and defendant told them he could not remember what happened, but that the gun went off accidentally. Defendant also said he was drunk.

T.N. told the police defendant often carried the gun around the house. Although she never thought he would do anything with the gun, he often got "mad and drunk," and he would pick up the gun while talking with her.

Defendant pled no contest to assault with a firearm and admitted he personally used a firearm. (§§ 245, subd. (a), 12022.5, subd. (a).) Defendant was eligible for probation if his case were unusual pursuant to California Rules of Court, rule 4.413,[2] (§ 1203, subd. (e)(2)) and the probation report recommended probation. The report noted the circumstances of the crime were less serious than those typically present in similar crimes, and defendant had no record of similar crimes or violent crimes. The crime was spontaneous, and the victim did not want defendant incarcerated. In addition, defendant participated in multiple rehabilitation programs and had stopped drinking.

The trial court took issue with the probation report and found the case was not unusual or less serious than a typical assault with a firearm. The court acknowledged

---

[2] All further rule references are to the California Rules of Court.

defendant's rehabilitation efforts but reasoned that alcohol was not the sole cause of the assault. Defendant was abusive and controlling of T.N., and was in the habit of getting "mad and/or drunk," and then walking "around the house with a gun. That is not just an alcohol issue." In addition, T.N. was vulnerable, and defendant committed the assault while the children were present.

The court denied probation and sentenced defendant to the low term of two years, plus three years for the firearm enhancement, for a total of five years. The court also imposed various fines and fees, including a $500 domestic violence fee pursuant to section 1203.097, subdivision (a)(5). Pursuant to the parties' plea deal, the court dismissed a charge of felony child endangerment. (§ 273a, subd. (a).)

## DISCUSSION

## I

Defendant contends the trial court abused its discretion in denying probation. We disagree.

Those who use a firearm while committing a crime are statutorily ineligible for probation "[e]xcept in unusual cases where the interests of justice would best be served if the person is granted probation . . . ." (§ 1203, subd. (e)(2).) The courts must narrowly construe " 'unusual cases' " and " 'interests of justice,' " and limit such grants of probation "to those matters in which the crime is either atypical or the offender's moral blameworthiness is reduced." (*People v. Superior Court* (*Dorsey*) (1996) 50 Cal.App.4th 1216, 1229; see rule 4.413(c) [setting out criteria which "may" indicate the existence of an usual case].)

We review for abuse of discretion a trial court's finding as to whether a case is unusual. (*People v. Stuart* (2007) 156 Cal.App.4th 165, 178.) A trial court has broad discretion to determine whether to grant probation, and a decision will not be reversed unless it is " 'so irrational or arbitrary that no reasonable person could agree with it.' " (*Id.* at p. 179.)

3

Defendant contends he qualified for probation under rule 4.413(c)(2), because he suffered from alcoholism, which he argues the trial court failed to consider as a recognized mental condition. Defendant also contends the court failed to consider his participation in rehabilitation. We reject both claims.

First, even if, as defendant contends, alcoholism was a recognized mental condition for purposes of rule 4.413(c)(2), this would not have automatically qualified defendant for probation. Rule 4.413's provisions are " 'permissive, not mandatory,' " and the court " 'may but is not required to find the case unusual if the relevant criterion is met under each of the subdivisions.' " (*People v. Stuart, supra*, 156 Cal.App.4th at p. 178.)

In addition, rule 4.413 requires a crime be committed "*because* of a mental condition not amounting to a defense." (Rule 4.413(c)(2)(B), italics added.) The trial court rejected that defendant's alcoholism caused him to shoot the gun near his wife's head, observing the "abuse and control" in defendant's relationship with T.N. and defendant's habit of carrying a gun around the house when he was mad or drunk.

Second, and despite defendant's contentions, the trial court recognized defendant's substantial efforts to address his alcoholism, noting it "causes the defendant to be more sympathetic at sentencing." Still, these efforts were not outweighed by the seriousness of defendant firing a gun close enough to injure his wife and in the presence of his two children. This conclusion was reasonable and within the court's discretion.

## II

Defendant correctly asserts the trial court erroneously imposed a $500 domestic violence fee pursuant to section 1203.097, subdivision (a)(5). This fee is to be imposed only when a defendant is "granted probation." (§1203.097, subd. (a); see also *People v. Kirvin* (2014) 231 Cal.App.4th 1507, 1520.) Because defendant was sentenced to prison, the fee was unauthorized.

4

## DISPOSITION

The $500 domestic violence fee is stricken.  The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.


　　　　　　　　　　　　　　　　　　 /s/
　　　　　　　　　　　　　　　　　　Blease, Acting P. J.


We concur:



　　　 /s/
　　　Robie, J.



　　　 /s/
　　　Hoch, J.

5